

March 14, 2024

**Cara D. Kaplan**
Direct Phone  215-864-8025
ckaplan@cozen.com

**VIA ECF**

The Honorable Edward S. Kiel
United States District Court
District of New Jersey
2 Federal Square, Courtroom Eight
Newark, NJ  07102

Re:    *Ayan Rhymes, et al. v. MPower Energy NJ LLC*, Case No. 23-cv-02556-BRM-ESK
       Joint Letter Requesting Transfer to Southern District of New York

Dear Judge Kiel:

This firm represents Defendant, Mpower Energy NJ, LLC ("Defendant"), and we write jointly with counsel for the Plaintiffs and the proposed class (the "Plaintiffs"). The Court held a status conference on February 14, 2024, during which the parties provided an update on the status and developments in this case and a similar case brought by Plaintiffs' counsel against Defendant and an affiliated company in the United States District Court for the Southern District of New York. The parties informed the Court that they reached an agreement to consolidate the cases in New York, thereby requiring that this action be transferred to the S.D.N.Y. The parties reiterated this request during a February 22 deposition and a March 13 status conference. Pursuant to the Court's instructions given during the these conferences, the parties hereby submit this joint request to transfer this action to the S.D.N.Y.

As the Court is aware, this is a proposed class action brought by consumers against Defendant, an independent energy supply company providing electricity and natural gas services, alleging deceptive, bad-faith, and unlawful pricing practices. Defendant denies Plaintiffs' allegations and filed dispositive motions, a motion to dismiss and compel arbitration and a motion to dismiss, on June 14, 2023. On November 13, 2023, the Court administratively terminated the motions and ordered "discovery limited to the issue of notice to Rhymes of the mandatory arbitration agreement and class action waiver clause and the enforceability of same (Limited Discovery)." ECF 60, at *5. The parties began engaging in Limited Discovery and, to date, have exchanged discovery requests and responses and scheduled Plaintiffs' depositions. Limited Discovery closes today, March 14, 2024. ECF 74.

On November 7, 2023, Plaintiffs' counsel filed a second action against Defendant and Mpower Energy, LLC in the S.D.N.Y., *Magda Silva, et al., v. Mpower Energy, LLC, et al.*, No. 1:23-cv-9849-JGLC-OTW, asserting similar claims as those alleged in this action (the "NY Action"). During a January 31, 2024 status conference, the presiding Magistrate Judge, Hon. Ona T. Wang, instructed the parties to meet and confer regarding potential consolidation of these cases. NY Action, at ECF 27.

The parties met and conferred, and they determined that the transfer of this case to the S.D.N.Y. and consolidation with the NY Action presents the most appropriate and efficient path forward.

The Honorable Edward S. Kiel
March 14, 2024
Page 2

---

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Here, the NY Action could not have been brought in the District of New Jersey. NY Action defendant MPower Energy, LLC and plaintiff Silva are New York residents, so the District of New Jersey lacks jurisdiction over Silva's claims against MPower Energy, LLC.

Instead, all parties consent to transfer this action to the S.D.N.Y., and courts freely grant motions to transfer where the parties have consented to the transferee forum. *See Prime Aid Pharmacy Corp. v. Express Scripts, Inc.*, No. CV 16-2182, 2017 WL 1086175, at *4 (D.N.J. Mar. 21, 2017) (granting motion to transfer because parties had consented to the transferee forum in a valid forum selection clause); *see also Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1317 (E.D. Pa. 1982) ("The existence of a related action in the transferor or transferee district is a strong factor in a transfer decision where judicial economy can be achieved and duplicative litigation, with possibly inconsistent results, avoided by consolidation of actions, or by coordination of discovery and other pre-trial proceedings.") (citations omitted). Defendant is a citizen of New York, and therefore, this action could have been properly brought in the S.D.N.Y., the intended transferee forum. *See* 28 U.S.C. § 1404(a). "[S]ection 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31, 108 S. Ct. 2239, 2244, 101 L. Ed. 2d 22 (1988)).

Here, all parties consent to transfer this action to the S.D.N.Y., and the cases can be properly consolidated and pursued by all Plaintiffs against both Defendants in that court. Accordingly, the Court should exercise its discretion and grant this joint request for transfer to the S.D.N.Y.

Respectfully,

COZEN O'CONNOR

By:    Cara D. Kaplan

CDK

SO ORDERED:

BRIAN R. MARTINOTTI, USDJ
DATED: MARCH 15, 2024