

September 12, 2025

**Matthew L. Elkin**
Direct Phone 212-453-3786
melkin@cozen.com

**VIA ECF**
Hon. Jessica G.L. Clarke
U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
U.S. District Court – Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**Re:** *Magda Silva, et al., v. Mpower Energy, LLC, et al.*, No. 1:23-cv-9849-JGLC-OTW
*Rhymes, et al. v. Mpower Energy, LLC,* No. 1:24-cv-2015-JGLC-OTW

Dear Judge Clarke:

Defendants, Mpower Energy, LLC and Mpower Energy NJ, LLC (the "Defendants"), respectfully submit this letter in response to the "Notice of Supplemental Authority" filed by Plaintiffs, Ayan Rhymes, Magda Silva, and Kirk Burke-Hamilton (collectively, "Plaintiffs")[1], in the above-captioned cases. *See* ECF No. 68 (on Docket No. 1:23-cv-09849) and ECF No. 113 (on Docket No. 1:24-cv-02015).

Defendants note that Plaintiffs' submission of substantive legal arguments under the guise of a "Notice of Supplemental Authority" is improper and should be disregarded as a sur-reply filed without leave of Court. *See* June 13, 2024 Text Order by Hon. Ona T. Wang, U.S.M.J. (ECF No. 45); *see also Individual Practices in Civil Cases for Hon. Ona T. Wang, U.S.M.J.,* Section V.d.; *see also Individual Practices in Civil Cases for U.S.D.J. for Hon. Jessica G.L. Clarke, U.S.D.J.,* Section 4.b. *See also* Defendant's Letter dated 12/3/2024 raising similar objections (ECF No. 57, 101).

Ironically, Plaintiffs' improper sur-reply actually supports Defendants' arguments raised in Opposition to Plaintiffs' Objections. *See, e.g.*, ECF No. 68-1, p. 7, fn.2; ECF No. 67, pp. 19-23.[2] *Sudakow v. CleanChoice Energy, Inc.*, like *Schnabel v. Trilegiant Corp.* and *Weinberg v. CleanChoice Energy, Inc.*, involves a factually distinct enrollment process from the in-person enrollments used with the Plaintiffs here. No parallel thus exists to draw from these cases in Plaintiffs' favor. As explained more fully in Defendants' Opposition to Plaintiffs' Objections, the Magistrate Judge's findings with respect to inquiry notice <u>are</u> consistent with *Schnabel* and *Weinberg*, and as such, are equally as consistent with *Sudakow*. *See* ECF No. 67, pp. 18-23.

Moreover, Plaintiffs' attorneys' argument that Plaintiffs "only executed one-page agreements with Mpower" is specious and bordering on bad faith. The argument is unsupported and indeed, contradicted, by the record. *Compare* ECF 68, p. 2 *with* ECF No. 67, pp. 18-21 (citing

---

[1] The Notices appear to have inadvertently omitted the name of the fourth plaintiff, Loveleen Kaur. Defendants' objections apply equally to all plaintiffs.
[2] On Docket No. 1:24-cv-02015, *see* ECF 112, pp. 19-23.

Hon. Jessica G.L. Clarke, U.S.D.J.
September 10, 2025
Page 2

record where Mpower produced evidence that Plaintiffs were shown multi-page Contracts containing arbitration provisions during in-person enrollments with sale agents, which Plaintiffs did not contradict because they could not recall what they signed and admitted their signatures appear on those Contracts produced by Mpower).

      For all these reasons, and those stated more fully in Defendants' Opposition (ECF No. 67, 112), Plaintiffs' Objections should be overruled, and the Magistrate Judge's Report and Recommendation should be adopted.

      Thank you for Your Honor's time and attention to this matter.

      Respectfully submitted,

      COZEN O'CONNOR

      By:    Matthew L. Elkin

      CC:  All Counsel (via ECF)