

April 21, 2026

**Matthew L. Elkin**
Direct Phone     212-453-3786
melkin@cozen.com

**VIA ECF**
Hon. Jessica G.L. Clarke
U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
U.S. District Court – Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:     ***Magda Silva, et al., v. Mpower Energy, LLC, et al.*, No. 1:23-cv-9849-JGLC-OTW**
       ***Rhymes, et al. v. Mpower Energy, LLC*, No. 1:24-cv-2015-JGLC-OTW**

Dear Judge Clarke:

Defendants, Mpower Energy, LLC and Mpower Energy NJ, LLC (the "Defendants"), respectfully submit this letter in response to the "Second Notice of Supplemental Authority" filed by Plaintiffs, Ayan Rhymes, Magda Silva, and Kirk Burke-Hamilton (collectively, "Plaintiffs")[1], in the above-captioned cases. *See* ECF No. 70 (on Docket No. 1:23-cv-09849) and ECF No. 115 (on Docket No. 1:24-cv-02015).

Defendants again note that Plaintiffs' submission of substantive legal arguments under the guise of a "Notice of Supplemental Authority" is improper and should be disregarded as a sur-reply filed without leave of Court. *See* June 13, 2024 Text Order by Hon. Ona T. Wang, U.S.M.J. (ECF No. 45); *see also Individual Practices in Civil Cases for Hon. Ona T. Wang, U.S.M.J.,* Section V.d.; *see also Individual Practices in Civil Cases for U.S.D.J. for Hon. Jessica G.L. Clarke, U.S.D.J.,* Section 4.b. *See also* Defendants' Letter dated 12/3/2024 raising similar objections (ECF No. 57, 101), *and* Defendants' Letter dated 9/12/2025 noting the same in response to Plaintiffs' first "Notice of Supplemental Authority" (ECF No. 69, 114).

In addition to this dispositive procedural defect, Plaintiffs' attempts to liken the contracting process analyzed in *Knight v. Family Energy, Inc.*, to the enrollment process in this case are misplaced. The extent of the similarity between the cases is that they both involve an ESCO as the defendant and an enrollment process that occurred in-person with a sales agent. The similarities end there. Whereas Plaintiffs here testified to completing an enrollment on a tablet device with a sales representative, the *Knight* plaintiff executed a physical contract on a double-sided piece of paper presented by the sales agent. Whereas Plaintiffs here were provided full copies of the contracts by the electronic means of their choosing, the *Knight* plaintiff was provided "a carbon copy of only the signature page," while omitting the reverse side. For this reason alone, it is a stretch to construe *Knight* as similar enough to impact the Court's inquiry notice analysis, which depends on the factual circumstances of contract execution, including what materials are presented to the plaintiffs and the way they are presented.

---

[1] The Notices appear to have inadvertently omitted the name of the fourth plaintiff, Loveleen Kaur. Defendants' objections apply equally to all plaintiffs.

Hon. Jessica G.L. Clarke, U.S.D.J.
April 21, 2026
Page 2

In addition, here, unlike in *Knight*, Defendants submitted proof that Plaintiffs were provided an opportunity to review all the information within the contracts on the tablets prior to contract execution. Plaintiffs did not dispute that showing, but instead testified that they could not recall what they were shown on the tablets during their respective enrollments. Not only were the *Knight* defendants <u>un</u>able to meet their burden of proof in this regard, but even if they had, the *Knight* plaintiffs presented proof of an "unequivocal denial" that an agreement was made – a showing that the instant Plaintiffs could not make as a matter of law in light of their "failures to recall." Plaintiffs' attorneys' suggestion that Plaintiffs presented "evidence" that "contradicted" the testimony by Defendants' sales agents plainly misstates the record and, more importantly, does not overcome the limiting effect of their direct testimony. *Compare* ECF 70, p. 3 *with* ECF No. 67, pp. 18-21 (citing record where Mpower produced evidence that Plaintiffs were shown multi-page Contracts containing arbitration provisions during in-person enrollments with sale agents, which Plaintiffs did not contradict because they could not recall what they signed and admitted their signatures appear on those Contracts produced by Mpower). Plaintiffs' failures to recall what they were shown or what they signed is not contradictory evidence; it is the *absence* of evidence.

As explained more fully in Defendants' Opposition to Plaintiffs' Objections, the Magistrate Judge's findings with respect to inquiry notice <u>are</u> consistent with New York law on contract formation, including *Schnabel* and *Weinberg*, and as such, are equally as consistent with *Knight*. *See* ECF No. 67, pp. 18-23.

Despite Plaintiffs' attorneys' continued effort to refer to varying contracting processes interchangeably, the principles on which the Magistrate Judge relied remain applicable and are not contradicted by the non-binding, factually distinct decision in *Knight*. In fact, *Knight* espouses the same principles as those articulated in cases Defendants relied upon: where a consumer directly interacts with a salesperson, courts enforce contracts according to their terms where, as here, it is undisputed that plaintiffs had an opportunity to review the contract in full prior to signing, and did in fact sign the contract. For all these reasons, and those stated more fully in Defendants' Opposition (ECF No. 67, 112), Plaintiffs' Objections should be overruled, and the Magistrate Judge's Report and Recommendation should be adopted.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

COZEN O'CONNOR

By:    Matthew L. Elkin

CC:  All Counsel (via ECF)